UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CALVIN LYDELL DIBRELL, | ) | |
| | ) | 3:25-CV-546 |
| Plaintiff, | ) | |
| | ) | Judge Curtis L. Collier |
| v. | ) | |
| | ) | Magistrate Judge McCook |
| CITY OF KNOXVILLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M

This matter comes before the Court on multiple motions. Defendants, the City of Knoxville, the Knoxville Police Department, Hayden Marshall, Michael Rubino, David Chandler, and Patrick Venable, have filed a motion to dismiss (Doc. 10), a motion to stay (Doc. 12), and a motion to strike or disregard an amended complaint (Doc. 28).[1] Plaintiff, Calvin Lyndell Dibrell, has filed motions to strike Defendants' motion to dismiss (Doc. 14), strike Defendants' motion to stay (Doc. 17), and correct a caption and amend his complaint (Doc. 29).

## I.    BACKGROUND

Plaintiff's original complaint alleges that on March 13, 2025, the four individual Defendants, all of whom are officers with the Knoxville Police Department, initiated a traffic stop and detained Plaintiff without probable cause or justification. (Doc. 1 ¶¶ 14[2]–17.) Plaintiff was then held in custody for approximately three days and his vehicle was impounded. (*Id.* ¶¶ 18–19.)

---

[1] The complaint also named the Roger D. Wilson Detention Facility (the "Facility") as a defendant. (Doc. 1 at 1.) No return of service as to the Facility has been filed and the Facility has not yet made an appearance in the litigation.

[2] Two of the paragraphs in the complaint are numbered as 14. The Court refers here to the second paragraph numbered 14.

On November 6, 2025, Plaintiff filed a complaint based on these allegations. (Doc. 1.) He asserts causes of action under 42 U.S.C. § 1983 for unlawful seizure and false arrest, unlawful detention and a due-process violation, and retaliation for protected activity, as well as causes of action under 18 U.S.C. §§ 241, 242, 249, and 1961, and Tennessee law. (*Id.* § VII.) The complaint also purports to reassert certain state-law claims that were dismissed without prejudice in a previous case in this Court, Case No. 3:22-cv-207. (*Id.* ¶¶ 10–15.[3])

Defendants filed two motions on December 4, 2025: a motion to dismiss based on failure to state a claim and insufficiency of service of process (Doc. 10) and a motion to stay the case (Doc. 12). Defendants argue the Court should stay the case until after the resolution of a state criminal case against Plaintiff that arose from the March 13, 2025, incidents at the heart of this litigation. (Doc. 13 at 1.)

Plaintiff made four filings the next day. As to the motion to dismiss, he filed a motion to strike (Doc. 14) on the grounds that the motion to dismiss does not contain the certification of conferral required by an earlier order of the Court (Doc. 5), and he filed a response in opposition to the motion to dismiss (Doc. 15). As to the motion to stay, he also filed a motion to strike (Doc. 17) on the grounds that the motion to stay is based on an invalid criminal case, and he filed a notice (Doc. 18) which the Court is construing as his response to the motion to stay (*see* Doc. 21).

Defendants filed a reply in support of their motion to stay on December 16, 2025 (Doc. 22), and a response in opposition to the two motions to strike on December 19, 2025 (Doc. 23).

On January 6, 2026, Plaintiff filed an amended complaint (Doc. 26) and a notice of manual filing of a video recording (Doc. 27). Although Plaintiff titled the amended complaint as his "Second Amended Complaint" (*see* Doc. 26), there is no previous amended complaint on the

---

[3] The Court refers here to the first paragraphs numbered 14 and 15.

docket.  On January 20, 2026, Defendants filed a request to strike or disregard the amended complaint as not being proper under the Federal Rules of Civil Procedure.  (Doc. 28.)  The Court construes this filing as a motion to strike the amended complaint.  On January 29, 2026, Plaintiff filed a motion to correct the caption of his amended complaint to reflect that it was, in fact, his first amended complaint, and asks either for retroactive leave to file the amended complaint or for leave to file an identical amended complaint.  (Doc. 29.)  Defendants responded in opposition on February 12, 2026.  (Doc. 30.)

## II.    STANDARDS OF REVIEW

### A.     Filings by *Pro Se* Litigants

Plaintiff is representing himself in this lawsuit.  Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, litigants who are representing themselves must still comply with the applicable rules of procedure.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### B.     Motion to Strike under Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure allows a party to file a motion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Rules define the following as "pleadings": a complaint; an answer to a complaint, a counterclaim, a crossclaim, or a third-party complaint; and a reply to an answer, where the court orders one.  Fed. R. Civ. P. 7(a).

### C.     Motion to Stay

A court has broad discretion in deciding whether to grant a request to stay a civil action during the pendency of a criminal case.  *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc*., 767 F.3d

3

611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).   Staying a civil case is an extraordinary remedy.   *Id.* at 627 (citing *United States v. Ogbazion*, No. 3:12–cv–95, 2012 WL 4364306, at *1 (S.D. Ohio Sept. 24, 2012)).

### D.       Amending a Complaint

The Federal Rules of Civil Procedure allow a plaintiff one opportunity to amend a complaint without first obtaining permission from the court or the opposing party, but only within certain timeframes.   Fed. R. Civ. P. 15(a)(1).   Such an amendment must be made no later than twenty-one days after serving the original pleading or twenty-one days after the earlier of the service of a responsive pleading or the service of a motion under Rule 12(b), (e), or (f).   *Id.*   "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."   *Id.* 15(a)(2).

## III.    <u>DISCUSSION</u>

The Court will first address the two motions to strike and then take up Defendants' motion to stay.   Finally, the Court will consider Plaintiff's motion to correct a caption and amend the complaint, along with Defendants' motion to strike the purported second amended complaint.

### A.       Plaintiff's Motion to Strike Defendants' Motion to Dismiss

As Plaintiff points out, neither Defendants' motion to dismiss nor their memorandum in support contains the certification of conferral required by the Court's Order Governing Motions to Dismiss (Doc. 5).   (*See* Docs. 10, 11.)   That Order states in part as follows:

> This Order Governing Motions to Dismiss sets forth the meet and confer requirements that must be certified before filing a motion to dismiss in this Court.
>
> A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading.   Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided.   **The duty to confer also applies to parties appearing *pro se*.**   Consequently, a motion to dismiss must be accompanied by a notice

4

indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.

MOTIONS TO DISMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN ON THE COURT'S MOTION.

(Doc. 5 at 1 (emphasis added).)

Defendants respond that their motion to dismiss for insufficient service of process does not rely on a kind of defect that can be cured by amendment, and conferral therefore would not have prevented the filing of the motion. (Doc. 23 at 2–3.) Defendants ask the Court to excuse their noncompliance for this reason, as has been done in other cases in this Court. (*Id.* at 3.)

The Court agrees with Defendants that it has the ability to excuse Defendants' noncompliance. However, excusing Defendants' noncompliance is not in the interests of justice here. First, Defendants' motion to dismiss relies not only on asserting insufficient service of process, but also on asserting a failure to state a claim on which relief can be granted. (*See* Doc. 10 at 2, Doc. 11 at 6–12.) Defendants' argument that Plaintiff has failed to allege a policy or custom on which municipal liability may be based (*see* Doc. 11 at 7–9), for example, is a type of defect that may be addressed through an amendment. Second, even though insufficient service of process is not a defect that can be cured through amendment, it is a defect that can be cured. Conferral could have removed the need to file a motion to dismiss for insufficient service of process in various ways. Plaintiff could have sought alias summonses and renewed his efforts to serve Defendants, or counsel for Defendants could have agreed to accept service of process on behalf of their clients. Either of these courses of action would have eliminated the need for Defendants to file a motion to dismiss for insufficient service of process. Third, Plaintiff is proceeding *pro se*. Plaintiff is on notice that he must comply with the Court's procedural

5

requirements, and the Court will enforce those procedural requirements against Plaintiff as appropriate.

The Court will **GRANT** Plaintiff's motion to strike the motion to dismiss (Doc. 14) and **STRIKE** Defendants' motion to dismiss (Doc. 10).

### B. Plaintiff's Motion to Strike Defendants' Motion to Stay

Plaintiff's motion to strike Defendants' motion to stay relies on Rule 12(f) of the Federal Rules of Civil Procedure. (*See* Doc. 17 at 3.) Rule 12(f) allows a party to file a motion to strike certain matters from a pleading. But a motion to dismiss is not a "pleading" for purposes of Rule 12(f). *See* Fed. R. Civ. P. 7(a). A motion to dismiss is therefore not within the scope of documents subject to a motion to strike under Rule 12(f)(2). *See Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) ("Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).") The Court will **DENY** Plaintiff's motion (Doc. 17) to strike Defendants' motion to stay. The Court turns next to the merits of the motion to stay.

### C. Defendants' Motion to Stay

Defendants rely on *Wallace v. Kato*, 549 U.S. 384 (2007), to support a stay of the case until after the resolution of the state criminal case against Plaintiff. (Doc. 13 at 1.) In Plaintiff's response, he argues there are "multiple constitutional and procedural defects in the state-court indictment," namely that it lists one of the Defendant officers as a prosecutor and that the signature of the foreperson of the grand jury is redacted in the copy Defendants provided.[4] (Doc. 18 at 1–2.) Plaintiff argues this makes the indictment void, and *Wallace v. Kato* therefore does not apply.

---

[4] Defendants filed a partially redacted copy of the state-court indictment when they filed their motion to stay. (*See* Doc. 12-1.) Defendants filed an unredacted copy of the state-court indictment with their reply. (*See* Doc. 22-1.)

6

(*Id.* at 2–3.)  In reply, Defendants argue that *Younger v. Harris*, 401 U.S. 37 (1971), prevents this Court from considering Plaintiff's argument that the state-court prosecution is invalid.  (Doc. 22 at 2.)

> The Supreme Court stated as follows in *Wallace*:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. at 393–94 (citing *Heck v. Humphrey*, 512 U.S. 477, 487–88 n.8 (1994)).  This precedent plainly points in favor of a stay in this case.

Plaintiff concedes that it is appropriate to stay a civil case while a state criminal case arising from the same incidents is pending, but argues it is "appropriate only when a lawful criminal prosecution is pending."  (Doc. 18 at 2–3.)  Plaintiff argues a stay is not appropriate here because the criminal prosecution is void.  But Defendants are correct that the Court cannot rule on the validity of the state prosecution without running afoul of the Supreme Court's decision in *Younger*. *Younger* concerned whether a federal court could issue an injunction against a state prosecution, and the principles the Supreme Court elucidated apply here: "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."  *Younger*, 401 U.S. at 43.  Further, *Younger* explains the principle of comity, under which the federal government, "anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States."  *Id.* at 44.  Where the only injury threatening a state criminal defendant is the same injury that is "incidental to every criminal

proceeding brought lawfully and in good faith," a federal court should not interfere in the ongoing state prosecution. *Id.* at 47 (quoting *Douglas v. City of Jeanette*, 319 U.S. 157, 164 (1943)).

Because of the ongoing state prosecution involving the incident on which Plaintiff bases his claims in this action, the Court will **GRANT** Defendants' motion to stay (Doc. 12) and **STAY** this action until the criminal case against Plaintiff concludes.

For the sake of clarity when the stay is lifted, the Court will also address the issues surrounding amending the complaint.

### D. Amending the Complaint

The first question is the timeliness of the amended complaint Plaintiff filed on January 6, 2026 (Doc. 26).

Plaintiff asserts that he served Defendants with summonses and the complaint on November 10, 2025. (*See* Doc. 8.) Defendants moved to dismiss the complaint on December 4, 2025. (Doc. 10.) Plaintiff therefore had until December 29, 2025, to amend the complaint as of right under Rule 15(a)(1).[5] Plaintiff filed the amended complaint (titled as the "Second Amended Complaint"), on January 6, 2026. (Doc. 26.) This is after the December 29, 2025, deadline for amendment as of right under Rule 15(a)(1), and Plaintiff did not have Defendants' written consent

---

[5] Plaintiff had twenty-one days from the December 4, 2025, filing of the motion to dismiss to amend as of right under Rule 15(a)(1), which results in a date of December 25, 2025. *See* Fed. R. Civ. P. 15(a)(1). Because December 25 is a legal holiday, the deadline moved forward to Friday, December 26, 2025. *See id.* 6(a)(1)(C), 6(a)(6). And because Plaintiff was served with the motion to dismiss by mail, three days must be added after the period would otherwise have expired, making the final deadline Monday, December 29, 2025. *See id.* 6(d).

The Court notes that the clerk's office was closed on December 26, 2026. SO-25-11 ¶ 5. The Standing Order on the closure also provided a phone number to reach a duty clerk if a person needed to make non-electronic filings that day. *Id.* at 1. Therefore, the clerk's office was not inaccessible on December 26, 2026, so as to trigger any further change under Rule 6(a)(3).

8

or the Court's leave to file an amended complaint under Rule 15(a)(2).  Therefore, the Court will **GRANT** Defendants' motion to strike (Doc. 28) and **STRIKE** the amended complaint (Doc. 26).

Striking Document 26 moots Plaintiff's request to correct the caption of the document from "Second Amended Complaint" to "First Amended Complaint" (Doc. 29).  The Court will therefore **DENY AS MOOT** the part of the motion that seeks to correct the caption.

Plaintiff's request to amend his complaint (Doc. 29) is the last matter for the Court to address.  The Court should give leave to amend a complaint freely when justice requires it.  Rule 15(a)(2).  Justice does not require leave to be given here.  Procedurally, Plaintiff did not comply with the local rule's requirements to attach a copy of the proposed amended complaint to his motion to amend.  *See* E.D. Tenn. L.R. 15.1 ("A failure to comply with this rule may be grounds for denial of the motion.")  Substantively, amendment of the complaint at this juncture is neither necessary nor efficient, because the Court is staying this action until the resolution of the criminal case against Plaintiff.  It is impossible to predict at this time what the outcome of the criminal case will be or what effect the resolution of the criminal case will have on this lawsuit.  After the resolution of the criminal case, Plaintiff will be in a better position to determine if and in what way he should seek to amend his complaint, and the Court will be better positioned to determine if any proposed amendment is non-futile and otherwise required by justice.  Therefore, the Court will **DENY** the motion to amend (Doc. 29) without prejudice to refiling after the stay is lifted.

## IV.  <u>CONCLUSION</u>

The Court will **GRANT** Plaintiff's motion (Doc. 14) to strike Defendants' motion to dismiss (Doc. 10).  Defendants' motion to dismiss (Doc. 10) will be **STRICKEN**.  The Court will **DENY** Plaintiff's motion (Doc. 17) to strike Defendants' motion to stay (Doc. 12).  The Court will **GRANT** Defendants' motion to stay (Doc. 12).  The case will be **STAYED**.  The Court will

**GRANT** Defendants' motion (Doc. 28) to strike Plaintiff's amended complaint (Doc. 26). Plaintiff's amended complaint (Doc. 26) will be **STRICKEN**. The Court will **DENY** Plaintiff's January 29, 2026, motion (Doc. 29) as moot to the extent it seeks to correct the caption of his amended complaint and on the merits to the extent it seeks leave to amend his complaint, without prejudice to refiling after the stay is lifted.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/

**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

10